UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:21-cr-00333-SEP |
| ) | |
| SAMUEL AYE ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The Court referred this matter to United States Magistrate Judge John M. Bodenhausen for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b).  On June 5, 2023, Judge Bodenhausen filed his Report and Recommendation (R&R), Doc. [233], recommending that Defendant's Motion to Suppress Evidence, Doc. [155], be denied and his Motion to Suppress Statements, Doc. [156], be granted.

Defendant objects to Judge Bodenhausen's recommendation that the Court deny his Motion to Suppress Evidence.[1]  Doc. [245].  The Court has conducted a de novo review of all matters relating to Defendant's Motion to Suppress Evidence and objections to the R&R, including a thorough review of the transcript of the evidentiary hearing held in front of Judge Bodenhausen and the three contested warrant applications, as well as the parties' briefing both before and after the hearing and in response to the R&R.  Docs. [155], [165], [201], [216], [219], [245], [246].  After careful deliberation, the undersigned will adopt and sustain Judge Bodenhausen's thorough and well-considered Report and Recommendation in its entirety and deny Defendant's Motion to Suppress Evidence.

The Court agrees with Judge Bodenhausen's analysis and his conclusion that investigators did establish probable cause that evidence of a crime would be found in the T-Mobile phone records associated with the number 314-827-2904, and that the affidavit alleges sufficient facts for the issuing judge to infer a substantial nexus between those records and evidence of a crime.  *See* Doc. [233] at 10-14.  The Court also agrees with Judge Bodenhausen's analogous finding as to data contained within the LG cell phone with number 314-827-2904.  *See*

---

[1] Neither party objects to the R&R's analysis of Defendant's Motion to Suppress Statements.  Accordingly, the Court adopts the magistrate judge's recommendation to grant that motion.  *See* 28 U.S.C. § 636(b).

*id.* at 14-15. And the Court further agrees that the "the affidavit for the Motorola cell phone warrant provided 'a substantial basis for concluding that probable cause existed' that evidence of gun and/or drug violations would be found on the phone." *Id.* at 15-17 (quoting *United States v. Daigle*, 947 F.3d 1076, 1081 (8th Cir. 2020) (citations and quotation marks omitted)). Finally, the Court agrees that, as to all three warrants, even if the affidavits were lacking in probable cause, they were not so lacking as to render reliance on the warrants unreasonable, and therefore the good-faith exception to the exclusionary rule precludes suppression of the evidence seized pursuant to them.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge John M. Bodenhausen, Doc. [233], filed June 5, 2023, be and hereby is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence, Doc. [155], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Suppress Statements, Doc. [156], is **GRANTED**. All statements made by Aye on August 24, 2021, at SLMPD Headquarters after he initially invoked his right to counsel will be suppressed.

A jury trial in this matter is set for **September 18, 2023, at 9 a.m.,** in the courtroom of the undersigned.

Dated this 19th day of August, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE